# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 13-487V
(Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |
|---|---|
| DAVID FAIRCHILD, | Filed: March 3, 2015 |
| Petitioner, | Decision; Interim Attorney's Fees & Costs |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Richard Gage*, Richard Gage, P.C., Cheyenne, WY, for Petitioner.

*Glenn MacLeod*, U.S. Dep't of Justice, Washington, D.C., for Respondent.

## **INTERIM ATTORNEY'S FEES AND COSTS DECISION**[1]

On July 18, 2013, David Fairchild filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] After Petitioner filed medical records in support of his claim, Respondent conceded (in her Rule 4(c) report filed on October 30, 2013) that Petitioner was entitled to the presumption of vaccine causation, as he had demonstrated that he meets the criteria for a Table Injury of Brachial Neuritis ("BN") following receipt of the tetanus vaccine. *See* Respondent's Rule 4(c) Report, (ECF No. 14) at 2, 7. Since that time the parties have been attempted to resolve this damages issue in this case through informal settlement negotiations. *See, e.g.*, Scheduling Order, dated Oct. 30, 2013 (ECF No. 15) at 1.

---

[1] Because this decision contains a reasoned explanation for my action in this case, it will be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) provides that each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the decision will be available to the public. *Id*.

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended, 42 U.S.C.A. § 300aa-10 to 34 (2006)) [hereinafter "Vaccine Act" or "the Act"]. Individual sections references hereafter will be to § 300aa of the Act.

Petitioner filed a request for an award for interim attorney's fees and costs on January 8, 2015 seeking $38,519.70. Application for Award of Interim Attorney's Fees and Reimbursement of Costs (ECF No. 32) at 1. Respondent subsequently filed an unopposed motion for enlargement of time to respond to Petitioner's application for interim attorney's fees and costs (Unopposed Motion for Enlargement of Time to File Response to Petitioner's Application for Interim Attorney's Fees and Costs (ECF No. 34)), which I granted (Order, dated Jan. 22, 2015). During a status conference on January 28, 2015, I asked the parties to confer regarding Petitioner's pending motion of interim attorney's fees and costs to see if settlement of this issue was feasible. Scheduling Order (ECF No. 35) at 1.

Thereafter, on February 20, 2015, the parties filed a stipulation regarding attorney's fees and costs. ECF No. 36. The parties now agree that Petitioner's counsel should receive a lump sum of $36,000.00, for all interim attorney's fees and costs for the period of representation through December 19, 2014 in the form of a check payable to Petitioner and Petitioner's counsel. This amount represents a sum to which Respondent does not object. In addition, in compliance with General Order #9, Petitioner's attorney has noted that Petitioner is not seeking interim out-of-pocket expenses at this time.

I approve the requested amount for interim attorney's fees and costs as reasonable, given the history of this matter. Accordingly, an award of $36,000.00 should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Richard Gage, Esq. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.