# United States Court of Federal Claims

No. 13-487V
(Filed Under Seal: November 21, 2017)
Reissued: December 11, 2017[1]

|  |  |
|---|---|
| DAVID FAIRCHILD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| SECRETARY OF HEALTH AND | ) |
| HUMAN SERVICES, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

*Richard Gage*, Richard Gage P.C., Cheyenne, WY, for petitioner.

*Glenn Alexander MacLeod*, Vaccine/Torts Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.

**SMITH, Senior Judge:**

Petitioner, David Fairchild, seeks review of a decision issued by Special Master Brian H. Corcoran denying his request for loss of future earnings as part of his vaccine injury compensation. Petitioner brought this action pursuant to the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 et seq. (2012), alleging that his bilateral brachial plexus neuritis resulted from a tetanus vaccination. The Special Master granted compensation but denied an award of loss of future earnings. Petitioner now moves for review of this decision. For the reasons that follow, the Court grants petitioner's motion, and the case is remanded to the Special Master.

**I.    BACKGROUND**

A brief recitation of the facts provides necessary context.[2]

---

[1] An unredacted version of this opinion was issued under seal on November 21, 2017. The parties were given an opportunity to propose redactions, but no such proposals were made.
[2] As the basic facts here have not changed significantly, the Court's recitation of the background facts here draws from the Special Master's earlier Ruling on Disputed Damages Issue (hereinafter "Ruling"), 13-487 V, ECF No. 99.

On July 18, 2013, David Fairchild filed a petition seeking compensation under the National Vaccine Injury Compensation Program (hereinafter "Vaccine Act"), 42 U.S.C. §§ 300aa-10 et seq. On October 30, 2013, respondent filed its Rule 4(c) Report, agreeing that the petitioner had satisfied the legal prerequisites to receive compensation under the Vaccine Act. As a result of this concession, the parties engaged in settlement throughout 2014, 2015, and 2016 in order to calculate a damages award. Ultimately, the parties came to an agreement on all damages except for loss of future earnings.

Petitioner was born on July 24, 1957. He received a tetanus vaccination on February 29, 2012, as part of a required company physical. As a result of that vaccination, petitioner developed bilateral brachial neuritis with partial diaphragm paralysis. He is on a variety of pain medications and participates in physical therapy in an effort to combat the effects of his disability.

As of the date of the Special Master's ruling on disputed damages, petitioner was employed as the Director of Engineering and Reliability at Olin Corporation ("Olin"). Prior to receiving that position, petitioner was employed at Olin for more than ten years, serving in a variety of supervisory roles. As the Director of Engineering and Reliability, petitioner oversaw machine maintenance and repair, guaranteed the machinery had proper oversight, and provided guidance and expectations for meeting strategic planning goals, in addition to a variety of other managerial duties. Petitioner was expected to work until he was 66.5 years old, or until the end of 2023, at which point he would have been employed by Olin for approximately 18 years.

Petitioner argues that, due to the irreparable harm caused by his vaccination, he will soon lose his ability to work. As a result of his anticipated inability to perform the essential functions of his job, petitioner posits that he is entitled to $720,204.00 in lost future wages. Respondent argues that petitioner is capable of continuing to work through his preferred date of retirement and is, thus, not entitled to lost future wages. However, respondent agrees that, if petitioner were to receive an award for future earnings, it should be for $720,204.00.

Throughout the course of proceedings, both petitioner and respondent filed expert reports from a variety of sources to support their positions on whether petitioner was eligible for loss of future earnings. Petitioner submitted evidence from Dr. Sharon Farber, his treating neurologist, and from Dr. Robert Catanese, Ph.D., his neuropsychologist. Petitioner also included reports from his vocational expert, Mr. Allan S. Billehus. In response, respondent included reports from life care planner, Nurse Lara E. Fox, and vocational expert, Mr. Edward L. Bennett. Petitioner then filed a rebuttal opinion from his own life care planner, Nurse Tresa Johnson.

The Special Master engaged in a review of the evidence, and, on April 13, 2017, Special Master Corcoran ultimately determined that petitioner was not entitled to lost future earnings. Upon making that determination, the Special Master ordered the parties to incorporate that determination into a proffer that would be a basis for a decision awarding petitioner compensation. Petitioner filed a Motion for Reconsideration on May 3, 2017, in light of new evidence, namely Olin's ongoing disability evaluation. Petitioner's Renewed Motion to Reconsider, ECF No. 103, at 1. The Special Master denied the Motion for Reconsideration on June 20, 2017. Order Denying Motion for Reconsideration (hereinafter "Order on Recon."),

ECF No. 106. The Special Master issued his final decision on damages on July 28, 2017. Decision Finding Entitlement and Awarding Damages (hereinafter "Decision"), ECF No. 113, at 2. Petitioner filed its Motion for Review on August 28, 2017. Memorandum of Objections (hereinafter "MFR"), ECF No. 116. Respondent filed its Response to Petitioner's Motion for Review on September 26, 2017. Respondent's Memorandum in Response to Petitioner's Motion for Review (hereinafter "Resp. MFR"), ECF No. 123. Oral Argument on the Motion for Review was held on November 15, 2017. This case is now fully briefed and ripe for review.

## II. DISCUSSION

Under the Vaccine Act, this Court may review a special master's decision upon the timely request of either party. *See* 42 U.S.C. § 300aa-12(e)(1)-(2). In that instance, the Court may: "(A) uphold the findings of fact and conclusions of law. . . , (B) set aside any findings of fact or conclusion of law. . . found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. . . , or, (C) remand the petition to the special master for further action in accordance with the court's direction." *Id*. at § 300aa-12(e)(2)(A)-(C). Findings of fact and discretionary rulings are reviewed under an "arbitrary and capricious" standard, while legal conclusions are reviewed *de novo*. *Munn v. Sec'y of Health & Human Servs.*, 970 F.2d 863, 870 n. 10 (Fed. Cir. 1992); *see also Doyle ex rel. Doyle v. Sec'y of Health & Human Servs.*, 92 Fed. Cl. 1, 5 (2010).

Within this framework, petitioner makes four numbered objections to the April 13, 2017 Ruling and the July 28, 2017 Decision. *See* MFR at 1. First, petitioner asserts that the Special Master abused his discretion in not staying proceedings until Mr. Fairchild's employer made its final disability determination in October of this year (2017). *Id*. Second, petitioner argues that the Special Master acted arbitrarily and capriciously in denying loss of future earnings damages. *Id*. Third, petitioner alleges that the Special Master erred as a matter of law by increasing the burden of proof on Mr. Fairchild when reconsidering his interlocutory ruling. *Id*. Finally, petitioner posits that the Special Master erred as a matter of law when he reasoned that Mr. Fairchild was not entitled to loss of future earnings damages because he was already receiving damages for pain and suffering. *Id*.

This Court's review is primarily focused on whether the decision of the Special Master not to stay proceedings pending the outcome of Olin's disability determination was arbitrary and capricious or an abuse of discretion. Petitioner posits that "Olin's decision to place Mr. Fairchild on long-term disability will have a direct impact on this proceeding," because such a decision would be outcome-determinative. MFR at 25. In his Order denying reconsideration, the Special Master indicates that, based on the record at that time, petitioner "has been unable to show through reliable, persuasive evidence that his vaccine injury more likely than not forced him to retire and rendered him completely unable to ever work again." Order on Recon. at 7. The Special Master determined that "any lost future earnings remain purely speculative." *Id*. However, the Special Master failed to consider that the forthcoming long-term disability determination could remove such a speculative haze.

While this Court does not agree that Olin's long-term disability decision would necessarily be outcome-determinative, it is impossible to deny the relevance of such a decision in

determining whether petitioner is entitled to loss of future earnings. At the very least, Olin's long-term disability determination should have been considered, and staying proceedings in order to include petitioner's disability report would not have been unduly burdensome or contrary to the interests of justice. In failing to stay proceedings pending the completion of Olin's disability report, the Special Master based his findings on an incomplete record in a clear abuse of discretion. As such, this case must be remanded for further review.

Finally, this Court understands and respects the discretion inherent in a Special Master's decision on whether or not to hold a hearing. However, a decision not to hold a hearing may sometimes be to the detriment of the Special Master's review of a case. This case is clearly very complicated, with a number of different experts proffering a variety of different findings, and it seems obvious to this Court that a hearing would help clarify the complex issue of petitioner's disability and potential loss of future earnings. While the decision not to hold a hearing remains within the bounds of the Special Master's discretion, this Court would encourage the Special Master to consider holding a hearing during the next stages of his review. There certainly are some cases where the lack of a hearing would be an abuse of discretion.

The Court would also note that it is aware that the Special Masters are both understaffed and carry excessively large dockets. The Court understands that the Special Masters work long and hard. They have carried a huge burden over the last several years, and the Court is aware of their need for additional help and resources. Unfortunately, the Court has no power to provide these resources. The Court, however, still has the duty to ensure individual petitioners are not short-changed of their rights.

### III. CONCLUSION

After a thorough review of the Ruling and Decision of the Special Master, as well as the parties' briefs, the Court has determined that this case would benefit from further review. As such, this case is **REMANDED** to the Special Master for further review. The Special Master is ORDERED to consider the long-term disability decision created by petitioner's employer in his evaluation of petitioner's potential lost future wages. If necessary, a hearing should be held.[3]

**IT IS SO ORDERED.**

s/ *Loren A. Smith*

Loren A. Smith,
Senior Judge

---

[3] This order shall be unsealed, as issued, after December 6, 2017, unless the parties, pursuant to Vaccine Rule 18(b), identify protected and/or privileged materials subject to redaction prior to that date. Said materials shall be identified with specificity, both in terms of the language to be redacted and the reasons therefor.