# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 13-487V

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| DAVID FAIRCHILD, | \* | |
| | \* | Special Master Corcoran |
| Petitioner, | \* | |
| | \* | Filed: December 1, 2017 |
| v. | \* | |
| | \* | |
| SECRETARY OF HEALTH AND | \* | Decision on Interim Damages; |
| HUMAN SERVICES, | \* | Tetanus Vaccine; Brachial |
| | \* | Neuritis |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Richard Gage*, Richard Gage P.C., Cheyenne, WY, for Petitioner.

*Glenn MacLeod*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING INTERIM DAMAGES[1]

On July 18, 2013, David Fairchild filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleged that he suffered from brachial neuritis as a result of the tetanus vaccine he received on February 29, 2012. ECF No. 1. Respondent conceded that Petitioner was entitled to compensation in his Rule 4(c) Report filed on October 30, 2013. ECF No. 14.

Since that time, the parties have been engaged in drawn-out damages settlement discussions. After nearly three years of discussions, the parties were able to reach agreement on every element of damages, save for whether Petitioner was entitled to lost future earnings. In the

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended, 42 U.S.C.A. § 300aa-10 to 34 (2006)) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act.

spring of 2017, I denied this element of damages. ECF No. 99. Thereafter, Petitioner sought review on the issue of lost future earnings, and the case was remanded in light of new evidence filed by Petitioner relating to his long-term disability determination. ECF No. 128. That remains the sole disputed damages element in this case.

Now, Petitioner has filed a request for an interim damages award.  For the reasons stated herein, I hereby find that Petitioner is entitled to an interim damages award consisting of $319,001.36 and an amount sufficient to purchase the annuity contract described in the proffer.

### Procedural Background

After initiating this action in July 2013, Mr. Fairchild spent from August 2013 to the end of that year obtaining and filing medical records pertinent to his claim. On October 30, 2013, Respondent filed his Rule 4(c) Report, agreeing that the medical records demonstrated Petitioner had satisfied the legal prerequisites to receiving compensation under the Vaccine Act. ECF No. 14 at 2. After Respondent's concession, the parties began attempting to calculate a damages award in this case.

The parties otherwise continued to attempt to resolve damages for the remainder of 2014 and early 2015. In late July 2015, Petitioner indicated that he no longer felt that settlement was a possibility due to unresolved damages issues. ECF No. 51. A damages hearing was therefore set for February 2016, in Chattanooga, Tennessee. ECF No. 60. Subsequently, the damages hearing was rescheduled twice due to the parties' incomplete attempts to resolve issues concerning lost future earnings and other damages issues. Therefore, I subsequently informed the parties that due to their inability to resolve the matter, despite numerous opportunities to do so, I would instead resolve their dispute on the papers. ECF No. 75.

After allowing briefing on the matter, I issued a decision denying Petitioner's request for compensation for future loss of earnings on April 13, 2017. *See* Ruling on Disputed Damages, dated Apr. 13, 2017 (ECF No. 99). Thereafter, Petitioner filed a motion for reconsideration on May 3, 2017 (ECF No. 101), which I also denied after determining that Petitioner had not produced sufficient new or persuasive evidence that warranted changing my previous decision. ECF No. 106. On July 28, 2017, at my direction, the parties filed a proffer as to the elements of compensation on which both Petitioner and Respondent agreed (with the exception of future loss of earnings) providing for a lump sum payment of $319,001.36, plus an amount sufficient to purchase the annuity contract described in Section II.B. of the proffer. ECF No. 112 (a copy of which is attached as Court Exhibit 1). I approved the requested amount that same day. ECF No. 113.

On August 28, 2017, Petitioner filed a Motion for Review of my Ruling on the disputed loss of future earnings issue. *See* ECF No. 116. Thereafter, the case was remanded in light of new evidence filed by Petitioner relating to his long-term disability determination (ECF No. 128).

## Interim Damages Request

Petitioner has now filed a motion requesting an interim award of damages in the amount of $319,001.36 (representing $37,668.30 in life care expenses incurred in the first year after judgment, $250,000.00 in pain and suffering, and $31,333.06[3] in past unreimbursable expenses), plus an amount sufficient to purchase the annuity contract as described in the Proffer. *See* Motion for Interim Award, dated November 22, 2017 (ECF No. 130). These sums are consistent with what the Proffer sets out. *See* Court Ex. 1. On November 29, 2017, Respondent filed a document in opposition, contesting both Petitioner's entitlement to an interim award and the special masters' authority to award them. *See* Respondent's Response, dated Nov. 29, 2017 (ECF No. 131).

In the Vaccine Program, it has been determined that special masters have the authority to award compensation on an interim basis. Special Master Moran, for example, has awarded interim damages to a petitioner for past unreimbursed expenses and past pain and suffering. *Lerwick v. Sec'y of Health & Human Servs.*, No. 06-847V, 2014 WL 1897656 (Fed. Cl. Spec. Mstr. Apr. 6, 2014) (finding that special masters have discretionary authority to award interim damages, and determining an interim award was appropriate considering the facts of the case). In addition, Chief Special Master Dorsey also awarded interim damages to petitioner for past pain and suffering, consistent with *Lerwick. Day v. Sec'y of Health & Human Servs.*, No. 12-630V, 2016 WL 3457749 (Fed. Cl. Spec. Mstr. May 31, 2016), *aff'd*, 129 Fed. Cl. 450 (2016).

Based on my review of the record, and in light of Respondent's concession in this case, I find an interim award of damages is highly appropriate. Special Master Moran's reasoning in *Lerwick*, and Special Master Dorsey's reasoning in *Day*, are persuasive with regard a special master's discretionary authority to issue an interim award. Both special masters found, and I agree, that the Vaccine Act does not prohibit special masters from issuing multiple decisions on damages, even if the Act does not so expressly provide. *See Lerwick*, 2014 WL 1897656, at *8-9; *Day*, 2016 WL 3457749, at *4.

Respondent's arguments presented in opposition to an interim damages award herein are largely identical to those addressed and dismissed by both Special Master Moran and Special Master Dorsey in *Lerwick* and *Day*, respectively. *See Lerwick*, 2014 WL 1897656, at *10; *Day*, 2016 WL 3457749, at *4. Respondent otherwise maintains that inconsistent election judgments

---

[3] Petitioner's interim damages award motion does not specifically reference this component of damages, but it was included in the Proffer as a resolved damages item, and since it reflects incurred but unreimbursed expenses, I deem it appropriate to include in the present Decision awarding interim damages.

would in effect pose procedural problems for the Program. I do not find Respondent's argument to be persuasive in this case. In this case, the parties have agreed to *all* damages components but future lost wages. Resolving that issue may well take another year or even two - but when it finally is resolved, only one additional judgment will be required. I therefore do not find this concern to be deserving of great weight under the present circumstances.

Respondent also contends that Petitioner has not provided a sufficient reason or an immediate need for interim damages. However, this ignored the current status of the case. The matter has been pending for over four years, and the proper measure of future lost earnings may not be resolved for some time.  In a matter where entitlement was conceded several years ago, it is unreasonable to require a Vaccine Act claimant to wait to receive damages on matters *not* in dispute where a more complex and disputed element of the total sum to be awarded is holding up the proceedings. It is not my view that interim damages awards should be the norm in the Program, and I would not be inclined to award them in the majority of cases, and/or simply because it was taking time for the parties to reach agreement on damages issues. But *this* case presents proper grounds for such an award.

## CONCLUSION

Based on the above, I find that Petitioner is entitled to an award of interim damages. I therefore approve a Vaccine Program interim award in the requested amount consisting of a lump sum of $319,001.36, plus an amount sufficient to purchase the annuity contract described in the Proffer, to be issued to Petitioner in the form of a check made payable to Petitioner, David Fairchild. *See* Court Ex. 1. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.