**United States Court of Federal Claims**
No. 13-487V
(Filed Under Seal: April 19, 2018)
Reissued: May 4, 2018[1]

|  |  |  |
|---|---|---|
| DAVID FAIRCHILD, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Vaccine Case; Motion for Review; Interim Damages |
| SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES, | ) ) ) ) | |
| Respondent. | ) ) | |

## OPINION

*Richard Gage*, Richard Gage, P.C., Cheyenne, WY, for petitioner.

*Glenn A. MacLeod*, Torts Branch, Civil Division, United States Department of Justice, Washington, D.C., for respondent.

**SMITH, Senior Judge:**

Respondent, Secretary of the Department of Health and Human Services, seeks review of a decision issued by Special Master Brian H. Corcoran awarding petitioner, Mr. David Fairchild, interim damages for vaccine injury compensation. Mr. Fairchild brought this action pursuant to the National Vaccine Injury Compensation Program, alleging that he suffered from bilateral brachial plexus neuritis caused by a tetanus vaccine. 42 U.S.C. §§ 300aa-10, *et seq.* (2012). Respondent conceded Mr. Fairchild's entitlement to compensation, and the case proceeded to calculation of damages. The parties agreed on all elements of the damages, except for the future lost earnings. As the dispute on future lost earnings is still pending before Special Master Corcoran, Mr. Fairchild requested an interim award for all the agreed-upon damages. Special Master Corcoran accordingly ordered an interim award in the requested amount. Respondent then moved for review of this interim award. For the reasons set forth below, this Court **DENIES** respondent's Motion. Special Master Corcoran's decision awarding interim damages is **SUSTAINED** on the condition that, if Mr. Fairchild elects to receive this interim compensation under 42 U.S.C. § 300aa-21(a), he cannot later elect to file a civil action under that same subsection.

---

[1]   An unredacted version of this opinion was issued under seal on April 19, 2018. The parties were given an opportunity to propose redactions, but no such proposals were made.

**I.    Background**

A brief recitation of the procedural background provides necessary context.[2]

On July 18, 2013, Mr. Fairchild filed a petition seeking compensation under the National Vaccine Injury Act ("Vaccine Act"), alleging that he suffered from brachial neuritis as a result of the tetanus vaccine he received on February 29, 2012. *See generally* Decision Awarding Interim Damages (hereinafter "Interim Decision"), ECF No. 133 at 1. Respondent conceded that Mr. Fairchild was entitled to compensation. *See generally* Respondent's Vaccine Rule 4(c) Report, ECF No. 14. The parties have agreed on all elements of the damages, apart from Mr. Fairchild's claim for future lost earnings. *See generally* Respondent's Proffer on Award of Compensation, ECF No. 112; Decision Finding Entitlement and Awarding Damages, ECF No. 113. On April 13, 2017, Special Master Corcoran determined that Mr. Fairchild was not entitled to lost future earnings. *See generally* Ruling on Disputed Damages Issue, ECF No. 99. Mr. Fairchild sought review from this Court, and this Court remanded the case in light of new evidence. *See generally* Order Remanding Case to Special Master, ECF No. 128.

On November 22, 2017, Mr. Fairchild filed a motion requesting an interim award of all undisputed elements of the compensation. *See generally* Petitioner's Motion for Interim Award, ECF No. 130. On November 29, 2017, respondent filed its opposition, contesting both Mr. Fairchild's entitlement to an interim compensation award and special masters' authority to grant such an award in general. *See generally* Respondent's Response to Petitioner's Motion for Interim Award, ECF No. 131. On December 1, 2017, Special Master Corcoran granted Mr. Fairchild's request for interim award.[3] *See generally* Interim Decision.

Subsequently, respondent filed a motion for review on January 1, 2018. *See generally* Respondent's Motion for Review, ECF No. 138; Respondent's Memorandum of Objections in Support of His Motion for Review [hereinafter "R's Mot."], ECF No. 139. On January 13, 2018, Mr. Fairchild responded. *See generally* Petitioner's Memorandum in Response to Respondent's Motion for Review, ECF No. 142. Respondent's Motion is fully briefed and ripe for review.

**II.    Discussion**

The sole objection here concerns the following issue of statutory interpretation: whether the Vaccine Act permits multiple compensation awards upon one petition. R's Mot. at 2. This Court reviews such an issue under a "not in accordance with the law" standard. 42 U.S.C. § 300aa-12(e)(2)(A)–(C); *Euken by Euken v. Sec'y of Dep't of Health & Human Servs.*, 34 F.3d 1045, 1047 (Fed. Cir. 1994). It is a *de novo* standard of review. *Id.*

---

[2]    The basic facts have not changed since Special Master Corcoran's decision awarding interim damages. *See* Decision Awarding Interim Damages, ECF No. 133.

[3]    On the same day, December 1, 2017, but after Special Master Corcoran filed his decision approving the request, Mr. Fairchild filed an Amended Motion for Interim Award requesting to include past, unreimbursed expenses ($31,333.06) into the interim damages award. *See generally* Amended Motion for Interim Award, ECF No. 134. Special Master Corcoran denied this amended motion as moot, as his earlier-in-the-day decision already contained the past, unreimbursed expenses. *See generally* Order Denying Amended Motion for Interim Award, ECF No. 135.

In determining that Mr. Fairchild was entitled to interim damages, Special Master Corcoran looked to two past cases in which Special Masters awarded interim injury compensation. *Day v. Sec'y of Dep't of Health & Human Servs.*, No. 12-630V, 2016 WL 3457749 (Fed. Cl. Spec. Mstr. May 31, 2016), *aff'd*, 129 Fed. Cl. 450 (2016); *Lerwick v. Sec'y of Dep't of Health & Human Servs.*, No. 06-847V, 2014 WL 1897656 (Fed. Cl. Spec. Mstr. Apr. 6, 2014). Seeking this Court's review, respondent addresses the issue of statutory interpretation in three main arguments. The government first argues that the Vaccine Act confers upon special masters no affirmative basis for awarding interim compensatory damages. R's Mot. at 6–10. Second, respondent maintains that the Federal Circuit's decisions on interim awards of attorneys' fees are distinguishable because attorneys' fees are different from injury compensation under the Vaccine Act. *Id.* at 11–12. Finally, respondent contends that awarding interim compensation generates multiple elections and, as a result, frustrates one of the Vaccine Act's primary purposes. *Id.* at 12–19. Each of these arguments will be addressed in turn.

Respondent is correct that special masters may exercise only authorities "grounded in an express grant from Congress." *Patton v. Sec'y of Dep't of Health & Human Servs.*, 25 F.3d 1021, 1027 (Fed. Cir. 1994) (quoting *Killip v. Office of Personnel Management*, 991 F.2d 1564, 1569 (Fed. Cir. 1993)). Under the Vaccine Act, special masters are authorized to "issue a decision on [a] petition with respect to whether compensation is to be provided under the Program and the amount of such compensation." 42 U.S.C. § 300aa-12(d)(3)(A). This provision expressly provides special masters with the power to award compensation.

The question then becomes whether the express grant of power to issue "a decision" encompasses a power to issue more than one decision upon a single petition. Respondent insists that the phrase "a decision" necessarily means a *singular* decision, not multiple decisions. R's Mot. at 6–10. However, this Court finds that the Dictionary Act demands the opposite conclusion. *Burwell v. Hobby Lobby Stores, Inc.*, 134 S. Ct. 2751, 2768 (2014) (directing that courts "must consult" the Dictionary Act in determining the meaning of statutes, unless the context suggests otherwise). According to the Dictionary Act, "unless the context indicates otherwise," "words [in any Act of Congress] importing the singular include and apply to several persons, parties, or things; . . . ." 1 U.S.C. § 1. As such, the phrase "a decision" in Section 300aa-12(d)(3)(A) of the Vaccine Act includes multiple decisions.

Respondent argues that the Vaccine Act's "overall context and structure" indicate otherwise. R's Mot. at 7. To support this argument, respondent points to several instances where the Vaccine Act uses "the," a definite article, and singular words, such as "the amount" and "such compensation," in reference to special masters' compensatory decisions and the amounts of the pertinent awards. R's Mot. at 7–8. This Court is not convinced. As a preliminary matter, "the initial description of 'a decision' to be issued shows that the Vaccine Act is not a statute in which '[t]he consistent use of the definite article in reference to [something] indicates that there is generally only one . . . .'" *Day v. Sec'y of Dep't of Health & Human Servs.*, 129 Fed. Cl. 450, 452 (2016) (alterations adopted) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004)). Further, since a term preceded by an indefinite article can inherently carry a plural meaning under the Dictionary Act, any subsequent reference to that term—which grammatically has to be preceded by a definite article or its equivalent (e.g., such)—inherits the

same inherent plurality.  This is especially true given that, under the Dictionary Act, any singular word can include and apply to plural matters, irrespective of what type of article precedes the word.  *See* 1 U.S.C. § 1.  Hence, for the phrase "a decision" in section 300aa-12(d)(3)(A), the Vaccine Act's subsequent use of definite articles and singular words does not support a singular meaning.  *See Day*, 129 Fed. Cl. at 452 ("The mere use of terms in the singular . . . hardly provides the context for escaping the ambit of the Dictionary Act rule regarding the use of the singular.").

Respondent also contends that the Vaccine Act's legislative purpose shows Congress' preference to a singular decision upon a petition.  In particular, it notes that "[o]ne purpose of the Vaccine Act is 'to compensate vaccine-injured individuals quickly, easily, and with certainty and generosity.'"  R's Mot. at 8 (quoting H.R. Rep. 99-908 at 3 (1986)).  In light of this purpose, respondent reasons that, because "a special master's injury compensation decision is to be issued within less than a year from the date the petition is filed, Congress did not see a need for (and thus did not provide authority for)[] the payment of partial, compensatory damage awards . . . ."  R's Mot. at 8.  Respondent's calculation, however, is incomplete.  Notably, the Vaccine Act provides various avenues for suspension of proceedings.  For example, it states that "[i]n conducting a proceeding on a petition a special master shall suspend the proceedings one time for 30 days on the motion of either party," and "[a]fter a motion for suspension is granted, further motions for suspension by either party may be granted by the special master, . . . ."  42 U.S.C. § 300aa-12(d)(3)(C).  The Vaccine Act also permits review of special masters' decisions by this Court, as well as appeal of this Court's decisions to the Federal Circuit.  *See* 42 U.S.C. § 300aa-12(e)–(f).  These procedures consume time.  Beyond that, Congress also foresaw the possibility that a petitioner might choose to continue his or her petition before a special master or this Court even if the statutory timeframe elapses.  *See* 42 U.S.C. §§ 300aa-12(g), 300aa-21(b).  This Court thus finds it unlikely that Congress did not see a need for interim awards.  Therefore, the "plural decisions" understanding as guided by the Dictionary Act is not undercut by the context and purpose of the Vaccine Act.

Moreover, such a plural understanding is logically compelled by the Federal Circuit's routine authorization of interim attorneys' fees.  Respondent argues that the Federal Circuit's precedents in that context does not control this case because attorneys' fees are different from injury compensation.  R's Mot. at 11.  This argument misses its mark.  In *Shaw v. Sec'y of Dep't of Health & Human Servs.*, the Federal Circuit held that an interim decision on attorneys' fees "is reviewable even when that decision issues prior to a decision on the merits."  609 F.3d 1372, 1378 (Fed. Cir. 2010); *see also Avera v. Sec'y of Dep't of Health & Human Servs.*, 515 F.3d 1343 (Fed. Cir. 2008) ("Thus we conclude that the special master and the Court of Federal Claims erred in holding that an interim fee award is not permissible.").  To reach this conclusion, the Federal Circuit declared that, "[f]or purposes of jurisdiction under 42 U.S.C. § 300aa-12, a decision on attorneys' fees and costs is a decision on compensation."  *Shaw*, 609 F.3d at 1375.

That declaration instructs this Court to reject respondent's argument here.  In particular, the Federal Circuit in *Shaw* establishes that the phrase "a decision . . . with respect to . . . compensation" in Section 300aa-12(d)(3)(A) encompasses interim decisions on attorneys' fees.  *Id.*  This logically leads to the conclusion that "a decision" does not mean "a single decision" because, in addition to a decision on attorneys' fees, there has to be at least one

decision on entitlement to compensation. If respondent's "singular decision" understanding was correct, section 300aa-12(d)(3)(A) would not allow for the opportunity to issue a decision on attorneys' fees—only a single decision on compensation would be permitted. Therefore, respondent's "singular decision" theory conflicts with Federal Circuit's precedent and cannot be accepted. *See Day*, 129 Fed. Cl. at 452 (reasoning that, after *Shaw*, "no one questions the authority of our Court to review the subsequent decision regarding compensatory damages, and thus 'the decision' reviewable by our Court under subsections 12(d)(3)(A) and 12(e) cannot be limited to just one").

Last but not least, respondent maintains that multiple compensation decisions would lead to multiple judgments and, in turn, multiple elections under 42 U.S.C. § 300aa-21(a). R's Mot. at 15. Respondent is concerned that multiple elections would allow claimants to "seek monetary recovery from both the Vaccine Program, and a vaccine administrator or manufacturer, thus undermining a central purpose of the Vaccine Act." *Id.* at 18. Mr. Fairchild, who has not disclaimed any intention to reject any future damages awards, could conceivably elect to receive this interim damages award and later, should he find Special Master Corcoran's final decision unsatisfactory, elect to file a civil action against the relevant vaccine administrator or manufacturer for lost future earnings. R's Mot. at 16–17. In essence, respondent is concerned that Mr. Fairchild could cherry-pick Special Master Corcoran's compensation decisions, thus exposing vaccine manufacturers and administrators to further civil actions.

This concern is understandable, but can be resolved. "[A] simple expedient [solution]—such as a direction that the Clerk not file any such election once a petitioner has filed an election to accept interim damages—would prevent such strategic behavior from succeeding." *Day*, 129 Fed. Cl. at 453. This solution is consistent with the Federal Circuit's nonprecedential order in *Tembenis v. Sec'y of Dep't of Health & Human Servs.*, No. 2013-5029, Order (Fed. Cir. May 16, 2013). In *Tembenis*, the Federal Circuit saw no problem with awarding an uncontested portion of injury compensation when the remainder was still in dispute. *Id.* at 4–6. There, this Court entered a judgment awarding the petitioners $1,084,955.61 including lost future earnings, and the petitioners filed an election to accept the judgment. *Id.* at 4. The government then appealed, challenging only the amount of $659,955.11 awarded for lost future earnings. *Id.* The petitioners thereupon "move[d] for partial summary affirmance in order to immediately receive the $250,000 in death benefits and $175,000 for pain and suffering and expenses rather than waiting until the end of the government's appeal regarding lost earnings." *Id.* The Federal Circuit granted the petitioners' motion to effectuate the Vaccine Act's "intended purpose of compensating 'injured persons quickly and fairly.'" *Id.* at 5.

As particularly pertinent here, the Federal Circuit in *Tembenis* rejected the government's multiple-election concern, reasoning that "once a petitioner has elected to accept the judgment, he or she has *accepted it for all compensation purposes relating to that petition*." *Id.* at 6 (emphasis added). As such, since the petitioners there had made an election, they have yielded the right to sue in civil actions for any portion of the petitioned compensation, including the one still pending before the Federal Circuit at the time. Likewise here, Special Master Corcoran's decision can be sustained on the condition that, if Mr. Fairchild files an election to receive this interim compensation under 42 U.S.C. § 300aa-21(a)(1), he will not be permitted to file a subsequent election to pursue a civil action under 42 U.S.C. § 300aa-21(a). *See Day*, 129 Fed.

Cl. at 454 ("The Clerk shall enter judgment awarding petitioners interim compensation in accordance with that decision[; ][i]f petitioners file an election to receive this compensation under 42 U.S.C. § 300aa-21(a)(1), they will not be permitted to file a subsequent election to file a civil action under that subsection."). In other words, Mr. Fairchild will have to "accept[] [this interim award] for all compensation purposes relating to [his] petition." *Tembenis*, No. 2013-5029, Order, at 6.

Respondent believes that the Federal Circuit's order in *Tembenis* is inapposite because, while this case will involve multiple judgments and elections, *Tembenis* dealt only with one judgment and one election. R's Mot. at 12–14. This distinction is irrelevant, however. What is relevant is that the sole election in *Tembenis* bound the petitioners in that case not to file any civil action upon a judgment that the Federal Circuit was still considering. *See Tembenis*, No. 2013-5029, Order, at 7 ("The petitioners' election to accept the judgment [on undisputed damages] rather than file a civil action shall also govern any [disputed] lost earnings compensation."). Accordingly, this Court can also order that Mr. Fairchild's election to accept this interim award—if he files one—effectively binds him not to elect to pursue a civil action on the remainder of the judgment that Special Master Corcoran is still considering. Such an approach is indeed authorized by the Vaccine Act, as it states that this Court "may issue and enforce such orders as the court deems necessary to assure the prompt payment of any compensation awarded." 42 U.S.C. § 300aa-12(a).

**III**.   **Conclusion**

For the foregoing reasons, respondent's Motion for Review is **DENIED**. Special Master Corcoran's decision awarding Mr. Fairchild interim compensation is **SUSTAINED** on the condition that, if Mr. Fairchild files an election to accept this interim compensation under 42 U.S.C. § 300aa-21(a)(1), he will not be permitted to file a subsequent election to pursue a civil action under 42 U.S.C. § 300aa-21(a).[4] The Clerk is directed to enter judgement on interim damages in favor of petitioner, consistent with this opinion.

**IT IS SO ORDERED.**

s/ *Loren A. Smith*
Loren A. Smith,
Senior Judge

---

[4]   This order shall be unsealed, as issued, after May 3, 2018, unless the parties, pursuant to Vaccine Rule 18(b), identify protected and/or privileged materials subject to redaction prior to that date. Said materials shall be identified with specificity, both in terms of the language to be redacted and the reasons therefor.