# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 13-487V
**(Not to be published)**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| DAVID FAIRCHILD, | * | Special Master Corcoran |
| | * | |
| Petitioner, | * | Filed: September 20, 2019 |
| | * | |
| v. | * | |
| | * | Decision by Proffer; Damages; Loss of |
| SECRETARY OF HEALTH | * | Future Earnings. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Richard Gage*, Richard Gage, P.C., Cheyenne, WY, for Petitioner.

*Glenn A. MacLeod*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On July 18, 2013, David Fairchild filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] ECF No. 1. Petitioner alleged that he suffered from brachial neuritis as a result of the tetanus vaccine he received on February 29, 2012 *Id.* at 1. Respondent conceded that Petitioner was entitled to compensation in his Rule 4(c) Report filed on October 30, 2013. ECF No. 14.

---

[1] Although not formally designated for publication, this Decision will be posted on the United States Court of Federal Claims website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its current form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Ever since, the parties have been engaged in protracted damages negotiations. In late July 2015, Petitioner indicated that he no longer felt that settlement was possible, so a damages hearing was set for February 2016, in Chattanooga, Tennessee. ECF No. 60. However, the damages hearing was rescheduled twice, and I ultimately chose to resolve the dispute on the papers. ECF No. 75. I issued a ruling on the only disputed damages component, denying Petitioner's request for compensation for future loss of earnings on April 13, 2017. ECF No. 99. Petitioner thereafter sought reconsideration of that ruling (ECF No. 101), which I also denied (ECF No. 106).

At my direction, the parties filed a proffer regarding the damages issues upon which they agreed on July 28, 2017. ECF No. 112. I approved the requested amount that same day. ECF No. 113. Petitioner subsequently filed a Motion for Review of my ruling on loss of future earnings (ECF No. 116), accompanied by new evidence relating to his long-term disability determination. In light of this newly-filed evidence, review was granted and the case was remanded to me. ECF No. 128.

In light of the unusually lengthy period of time dedicated to resolving damages in this matter, I granted Petitioner's request for an interim damages award on December 1, 2017. ECF No. 133. At that time, I adopted the parties' proposed Proffer of damages for all categories *other* than loss of future wages as my Decision Awarding Interim Damages. *Id.* Petitioner was awarded a sum of $319,001.36, plus an amount sufficient to purchase an annuity contract (as described in detail in the relevant Proffer). *Id.* at 4.

The parties thereafter continued to negotiate an appropriate damages award for loss of future earnings. On August 21, 2019, Respondent filed a proffer on this final unresolved damages component. ECF No. 160. I reviewed the file, concluded that Respondent's Proffer (ECF No. 160) was reasonable, and adopted it as my decision. *See* Decision of Awarding Damages, dated August 22, 2019 (ECF No. 161). Later, Respondent's counsel discovered that the proffer contained a minor typographical error. *See* Joint Motion for Reconsideration, dated September 4, 2019 (ECF No. 162). The correct amount should have been $1,220,972.00; thus, the award was understated by $45.00. *See id.* The parties filed a joint motion for reconsideration to correct this error. *See id.* I granted the motion and directed the parties to file an amended proffer as soon as possible. *See* (ECF No. 163). On August 10, 2019 the parties filed an Amended Proffer awarding damages on the terms set forth therein. (ECF No. 164).

The Proffer proposes:

- A lump sum payment of $1,220,972.00, in the form of a check payable to Petitioner.

(ECF No. 164) at 1. In conjunction with the Interim Damages Award of December 1, 2017, this

amount represents compensation for all elements of compensation under Vaccine Act Section 15(a) to which Petitioner is entitled.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DAVID FAIRCHILD,**

       Petitioner,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES**,

       Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

No. 13-487V (ECF)
SPECIAL MASTER
BRIAN H. CORCORAN

## RESPONDENT'S CORRECTED PROFFER ON AWARD OF COMPENSATION

Respondent herein proffers the following amount of reasonable compensation due petitioner for lost future earnings.

### I.    Item of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded a lump sum total of $1,220,972.00, which amount represents compensation for lost future earnings to which petitioner is entitled under 42 U.S.C. § 300aa-15(a)(3)(A).[1] Petitioner agrees.

### II.    Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment of $1,220,972.00, in the form of a check payable to petitioner, David Fairchild.[2] Petitioner agrees.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost wages.

[2] Petitioner is a competent adult. No guardianship is required.

                                        Respectfully submitted,

                                        JOSEPH H. HUNT
                                        Assistant Attorney General

                                        C. SALVATORE D'ALESSIO
                                        Acting Director
                                        Torts Branch, Civil Division

                                        CATHARINE E. REEVES
                                        Deputy Director
                                        Torts Branch, Civil Division

                                        ALEXIS B. BABCOCK
                                        Assistant Director
                                        Torts Branch, Civil Division

                                        ***/s/ GLENN A. MACLEOD***
                                        GLENN A. MACLEOD
                                        Senior Trial Counsel
                                        Torts Branch, Civil Division
                                        U.S. Department of Justice
                                        P.O. Box 146, Benjamin Franklin Station
                                        Washington, D.C.  20044-0146
                                        Tel.: (202) 616-4122

DATE: September 10, 2019