# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(Filed: April 13, 2020)

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| DAVID FAIRCHILD, | * | UNPUBLISHED |
| | * | |
| | * | No. 13-487V |
| Petitioner, | * | |
| | * | Special Master Dorsey |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Richard Gage, Richard Gage, P.C., Cheyenne, WY, for petitioner
Heather L. Pearlman, U.S. Department of Justice, Washington, D.C., for respondent.

**DECISION ON ATTORNEYS' FEES AND COSTS[1]**

On July 18, 2013, David Fairchild ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] ("Vaccine Act"). Petitioner alleged that he suffered from brachial neuritis as a result of the tetanus vaccine he received on February 29, 2012. Petition at 1. On September 10, 2019, the parties filed a proffer, which the previously assigned special master adopted as his Decision awarding compensation on September 20, 2019. Decision, ECF No. 166.[3]

---

[1] This Decision will be posted on the website of the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 44 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical filed or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise the whole decision will be available to the public in its current form. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. §§ 300aa.

[3] On October 4, 2019, the instant case was reassigned to the undersigned for resolution of attorneys' fees and costs.

On October 18, 2019, petitioner filed an application for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 172). Petitioner requests total compensation in the amount of $120,415.82, representing $95,222.90 in attorneys' fees and $23,867.92 in costs. Fees App. at 4. Pursuant to General Order No. 9, petitioner warrants that he has personally incurred $1,325.00 in pursuit of this litigation. Fees App. at 155. Respondent filed his response on October 28, 2019 indicating that he did not oppose petitioner's motion because he believed the statutory requirement for attorneys' fees had been met in the instant case." Id. at 2.

For the reasons discussed below, the undersigned GRANTS petitioner's motion and awards a total of $114,939.23.

### I.  Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1). Because compensation was awarded to petitioner, the undersigned finds that he is entitled to an award of reasonable attorneys' fees and costs.

#### a.  Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engaged in a line-by-line analysis of petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health and Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F. 3d at 1521.

### i.  Reasonable Hourly Rates

Petitioner requests the following rates of compensation for the work of her attorneys: for Mr. Gage, $300.00 per hour for work performed in 2015, $311.00 per hour for work performed in 2016, $318.00 per hour for work performed in 2017, and $326.00 per hour for work performed in 2018, and $338.00 per hour for work performed in 2019; for Ms. Kristen Blume, $251.00 per hour for work performed in 2016, $260.00 per hour for work performed in 2017 and $270.00 per hour for work performed in 2018; for Mr. Dustin Lujan, $150.00 per hour for work performed in 2015 and 2016; for Ms. Kristen Rieman, $150.00 per hour for work performed in 2017; and for paralegals, either $112.00 or $120.00 per hour.

Ms. Blume's requested rates for 2017 and 2018 are unreasonable because they exceed what she has previously billed at and been awarded. See, e.g., Demitor v. Sec'y of Health & Human Servs., No. 17-564V, 2020 WL 1027955, at *4-5 (Fed. Cl. Spec. Mstr. Feb. 7, 2020); Williams v. Sec'y of Health & Human Servs., No. 15-1224V, 2019 WL 7482148, at *2 (Fed. Cl. Spec. Mstr. Dec. 2, 2019); Ellis v. Sec'y of Health & Human Servs., No., 2019 WL 3315326, at *7 (Fed. Cl. Spec. Mstr. Jun. 24, 2019). The undersigned will therefore compensate her work at $251.00 per hour for these years consistent with these prior rulings. This results in a reduction of $753.10.[4]

### ii.  Reasonable Hours Expended

The undersigned has reviewed the submitted billing entries and has determined that the final award of attorneys' fees must be reduced due to excessive interoffice communication. The undersigned and her fellow special masters have previously emphasized the inefficiency that results when multiple attorneys work on one case. See Sabella, 86 Fed. Cl. at 214-15 (affirming a special master's reduction of fees for overstaffing where three attorneys from two different firms worked on the same case). The undersigned, and other special masters, have previously warned Mr. Gage's firm about excessive interoffice communication. Mack v. Sec'y of Health & Human Servs., No. 15-149V, 2017 WL 5108680, at *5 (Fed. Cl. Spec. Mstr. Sep. 28, 2017). Despite previous warnings however, this issue still exists. Upon review of the billing entries, the undersigned notes that there are dozens of entries for Mr. Gage billing for conferences with

---

[4] This includes 0.2 hours billed by Mr. Blume in 2019 which Mr. Gage warranted that he would voluntarily waive. Status Report at 1 (ECF No. 179).

paralegals, or for paralegals billing for conferences with Mr. Gage. To their credit, most of the more recent entries discuss the nature of the conference and the undersigned notes Mr. Gage's effort to correct issues of vagueness which were present in previous fees motions. However, the cumulative effect of all the time billed for such conferences is excessive in the undersigned's experience. The undersigned shall therefore reduce the final award of attorneys' fees by five percent, resulting in a reduction of $4,723.49.[5]

### b. Attorneys' Costs

Petitioner requests a total of $23,867.92 in attorneys' costs. This amount includes the cost of acquiring medical records, postage, copies, travel costs for counsel to attend the entitlement hearing in Washington, DC, and work done by petitioner's life care planner, expert on damages, and economic expert. The undersigned has reviewed petitioner's request for attorneys' costs and finds the amount to be reasonable. Petitioner has supported all requested costs with documentation, and the work done by petitioner's various experts appears to be reasonable in the undersigned's experience. Accordingly, the full amount of costs is awarded.

### c. Petitioner's Costs

Pursuant to General Order No. 9, petitioner warrants that he has personally incurred costs of $1,325.00 as a payment to his vocational expert. This cost is reasonable and shall be reimbursed.

## II. Conclusion

Based on all of the above, the undersigned finds that it is reasonable compensate petitioner and his counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $95,222.90 |
| (Reduction of Fees) | - ($5,476.59) |
| **Total Attorneys' Fees Awarded** | **$89,746.31** |
| | |
| Attorneys' Costs Requested | $23,867.92 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$23,867.92** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$113,614.23** |
| | |
| **Petitioner's Costs** | **$1,325.00** |
| | |
| **Total Amount Awarded** | **$114,939.23** |

---

[5] ($95,222.90 requested - $753.10 reduced for rate adjustment) * 0.05 = $4,723.49.

**Accordingly, the undersigned awards the following:**

1) **$113,614.23 in attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Mr. Richard Gage; and**

2) **$1,325.00 in petitioner's costs, in the form of a check payable to petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[6]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.